UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA OROZCO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GRUMA CORPORATION,<br><br>　　　　　Defendant. | No. 1:20-cv-01293-DAD-EPG<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS THIS CASE<br><br>(Doc. No. 6) |

This matter is before the court on the motion to compel arbitration and to dismiss this action filed by defendant Gruma Corporation ("defendant" or "Gruma") on September 17, 2020. (Doc. No. 6.) Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, defendant's motion was taken under submission on the papers. (Doc. No. 8.) For the reasons explained below, the court will grant the pending motion to compel arbitration and dismiss this action.

**BACKGROUND**

Plaintiff Norma Orozco filed two separate putative class action lawsuits in Fresno County Superior Court against her former employer, defendant Gruma. Defendant subsequently removed both actions to this federal district court. In the first action, plaintiff had filed a complaint on June 15, 2020, alleging that defendant violated various provisions of the California Labor Code with regard to the payment of wages, and she sought recovery of civil penalties under the Private

1

Attorneys General Act, California Labor Code §§ 2698, *et seq.*, ("PAGA").  *See Orozco v. Gruma Corp.*, 1:20-cv-1290-AWI-EPG, Doc. No. 1 at 20, (E.D. Cal. Sept. 10, 2020) ("*Orozco I*").  A few days later, on June 19, 2020, plaintiff filed a complaint initiating the second action, alleging state law claims for retaliation, wrongful termination, sex discrimination, hostile work environment, and failure to prevent discrimination and retaliation in violation of California's Fair Employment and Housing Act, California Government Code § 12940, ("FEHA").  (Doc. No. 1 at 14.)  Upon removal to this court, *Orozco I* was assigned to Senior District Judge Anthony W. Ishii, and the second action—this case, which the court will refer to as "*Orozco II*"—was assigned to the undersigned.

On September 14, 2020, shortly after removal and before any motions were filed, defendant filed a notice of related cases on the dockets in both *Orozco I* and *Orozco II*.[1]  (Doc. No. 5; *Orozco I*, Notice, Doc. No. 4 (E.D. Cal. Sept. 14, 2020.))  The filing of the notice was overlooked and the court did not issue an order relating and reassigning *Orozco I* and *Orozco II* to the same district judge.

In both cases, defendant filed a motion to compel arbitration and to dismiss the action, based upon the same facts (e.g., the arbitration agreement plaintiff had signed) and presenting the same legal arguments regarding the validity and enforceability of that arbitration agreement.  In *Orozco I,* District Judge Anthony Ishii recently granted defendant's motion to compel arbitration and dismissed that action.  *Orozco v. Gruma Corp.*, 1:20-cv-1290-AWI-EPG, Doc. No. 21, (E.D. Cal. Sept. 30, 2021).  Defendant's motion to compel arbitration and to dismiss this *Orozco II* action, which defendant filed on September 17, 2020, remains pending.  (Doc. No. 6.)  Plaintiff filed her opposition to the pending motion on October 6, 2020, and defendant filed its reply

/////

---

[1]  In the notice of related cases, defendant also identified the following additional related case brought by a different plaintiff also alleging claims for wrongful termination, retaliation, disability discrimination, as well as various wage-and-hour claims: *Graciela Villa v. Gruma Corporation*, No. 1:19-cv-01721-DAD-BAM.  (Doc. No. 5.)  This court had dismissed the *Villa* case on January 28, 2020 pursuant to defendant's unopposed motion to compel arbitration and dismiss that action.  *Villa v. Gruma Corp.*, No. 1:19-cv-01721-DAD-BAM, 2020 WL 433098, at *3 (E.D. Cal. Jan. 28, 2020).

thereto on October 13, 2020. (Doc. Nos. 9, 10.)[2] In both actions, defendant filed objections to plaintiff's evidence, namely objecting to plaintiff's declaration as invalid because it lacks the date and location of execution. (Doc. No. 11.)

On October 5, 2021, defendant filed a notice on the docket in this case informing the undersigned of the order that had been issued in *Orozco I* to compel arbitration and dismiss that action. (Doc. No. 15.) On October 7, 2021, plaintiff filed a notice of supplemental authority on the docket in this case to direct the court's attention to a recent ruling by the Ninth Circuit in *Chamber of Commerce of the United States of America et al. v. Rob Bonta et al.*, No. 20-15291, 2021 WL 4187860 (9th Cir. Sept. 15, 2021).

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that any written agreement containing a clause to settle a dispute through arbitration is to be considered "valid, irrevocable, and

---

[2] The court notes that in comparing the two dockets, it appears defendant had mistakenly filed its motion to compel arbitration and dismiss the *Orozco I* action on the docket in *Orozco II* and vice versa. For example, there is no PAGA claim in this *Orozco II* action, and yet the pending motion in *Orozco II* includes defendant's argument that the court should dismiss plaintiff's PAGA claim, which is a claim plaintiff alleged in the *Orozco I* action. (*See* Doc. No. 6-1 at 6, 11–12.) In addition, in the factual background section of the pending motion in *Orozco II*, defendant summarizes the various wage-and-hour claims that plaintiff alleged in *Orozco I*. (*Id.* at 9–10.) Whereas, in the motion that defendant filed on the docket in *Orozco I*, there is no mention of plaintiff's PAGA claim, and the factual background section summarizes the harassment, discrimination, and retaliation claims that plaintiff alleges in *Orozco II*. (*See Orozco I*, Mot. to Compel Arb., Doc. No. 5 at 7–8 (E.D. Cal. Sept. 16, 2020.)) Following defendant's confusion of the two cases, plaintiff appears to have likewise filed her opposition briefs in the incorrect case, though she refuted defendant's arguments regarding her PAGA claim in both opposition briefs. (*See* Doc. No. 9.) Although neither party appears to have caught the error, defendant noted in its reply brief in *Orozco I* that the parties present the same arguments in their briefs in both actions. (*See Orozco I*, Reply, Doc. No. 9 at 4 (E.D. Cal. Oct. 26, 2020.)) Indeed, in its reply in the *Orozco I* action, defendant noted that:

> Gruma's Notices of Related of Cases in both actions remain under submission. Gruma wishes to avoid duplicate rulings and to promote judicial economy. However, as there is no order formally relating the Orozco Cases, Gruma submits its Reply pleadings here, which are largely identical to those submitted in the related case, in order to protect its interests and in an effort to assist the Court by completing the record on this Motion.

(*Id.* at 5, n. 4.)

3

1  enforceable, save upon such grounds as exist at law or in equity for the revocation of any
2  contract" and confers the right to obtain an order requiring arbitration proceed in the manner
3  provided for in the contract. 9 U.S.C. §§ 2, 4; *Epic Sys. Corp. v. Lewis*, __U.S.__, 138 S. Ct.
4  1612, 1621 (2018) (citing *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011)). The FAA
5  nevertheless requires a court deciding a motion to compel arbitration to determine two threshold
6  issues: (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement
7  encompasses the dispute at issue. *Boardman v. Pacific Seafood Grp.*, 822 F.3d 1011, 1017 (9th
8  Cir. 2016) (citing *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir.
9  2000)). If a valid arbitration agreement that encompasses the dispute at issue is found to exist,
10 arbitration is mandatory. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002).

## DISCUSSION

12  The court has reviewed the order issued by Judge Ishii in *Orozco I* granting defendant's
13 motion to compel arbitration and to dismiss that action, and agrees with the analysis set forth
14 therein and will incorporate that analysis by reference here. Notably, as to plaintiff's argument
15 that a valid arbitration agreement did not exist because she was provided a copy of the agreement
16 in the English language only and she speaks only Spanish—an argument supported solely by
17 plaintiff's own deficient declaration—plaintiff was provided an opportunity to submit additional
18 evidence to support her argument and in particular, to cure the evidentiary deficiencies with her
19 declaration. (*See Orozco I*, Order, Doc. No. 15 at 1 (E.D. Cal. July 6, 2021) (noting that "[i]n
20 particular, the declaration of Plaintiff Norma Orozco is key.")) Nonetheless, and despite being
21 given this opportunity in *Orozco I*, plaintiff did not submit any additional evidence, let alone a
22 properly executed declaration with the date and location of execution. In contrast, defendant had
23 provided several declarations attesting to the fact that plaintiff received the arbitration agreement
24 in both English and Spanish, including a declaration from defendant's human resources
25 representative who met with plaintiff and provided her with the arbitration agreement in both the
26 English and Spanish languages. (*Id.* at 6–8.)
27  Moreover, plaintiff's reliance on the opinion recently issued by the Ninth Circuit in
28 *Chamber of Commerce of the United States of America et al. v. Rob Bonta et al.*, No. 20-15291,

2021 WL 4187860 (9th Cir. Sept. 15, 2021) is unavailing. In *Chamber of Commerce*, the Ninth Circuit held that the FAA does not preempt California Labor Code § 432.6 to the extent that section prohibits employers from requiring "any applicant for employment or any employee to waive any right, forum, or procedure for a violation of any provision of [FEHA]" "as a condition of employment, continued employment, or the receipt of any employment-related benefit." *Chamber of Commerce of the U.S. v. Bonta*, No. 20-15291, ___ F.4th ___, 2021 WL 4187860, *3, 10 (9th Cir. Sept. 15, 2021) (quoting Cal. Lab. Code § 432.6). As the Ninth Circuit detailed in its opinion, § 432.6 was added to the California Labor Code by passage of California Assembly Bill 51 ("AB 51"), which was signed into law by Governor Newsom on October 10, 2019 and enacted with an effective date of January 1, 2020. *Id.* at * 3–4 (citing Cal. Lab. Code § 432.6(h) ("This section applies to contracts for employment entered into, modified, or extended on or after January 1, 2020.")). First, plaintiff fails to provide any basis for applying § 432.6 to her claims, which are subject to an arbitration agreement that she signed in 2016 and which are based on defendant's allegedly wrongful termination of her employment in 2018. (*See* Doc. Nos. 6-2 at 13–14; 9 at 9–10.) Second, and more importantly, in supporting her argument that she "did not voluntarily consent to the arbitration agreement," plaintiff again relies exclusively on her deficient declaration as evidence that she was not provided a Spanish version of the arbitration agreement and that she was told she would be "jobless" if she refused to sign it. (Doc. No. 16 at 2) (citing Doc. No. 9-1).

      As to whether the arbitration agreement encompasses the dispute at issue, the court in *Orozco I* assessed whether plaintiff's wage-and-hour claims under the California Labor Code were covered by the arbitration agreement, and quoting the arbitration agreement itself, concluded that those claims were indeed covered. (*Id.* at 12–14.) That same language in the arbitration agreement supports this court's conclusion that plaintiff's claims in this *Orozco II* action for harassment, discrimination, and retaliation are also covered by the arbitration agreement. Specifically, the arbitration agreement lists the following covered claims:

> any claims by Employee or the Company for: (a) wages, overtime, bonuses, or other compensation; (b) breach of an express or implied contract or covenant; (c) tort claims, including fraud, defamation,

5

> wrongful discharge, and intentional/negligent infliction of emotional distress; (d) federal and state statutory or common law claims for ***unlawful discrimination, retaliation, or harassment*** including, without limitation, sexual harassment, discrimination or harassment based on race, color, sex, sexual orientation, religion, national origin, ancestry, age, marital status, medical condition, disability, uniformed service, genetic information, or any other unlawful basis . . . ; (e) claims for benefits (except where the applicable benefit plan has specified a different arbitration procedure than is outlined in this Agreement); and (f) claims for violation of any federal or state constitutional rights, governmental law, statute, regulation, order, ordinance, or provision.

(Doc. No. 6-2 at 13) (emphasis added).  Moreover, plaintiff has not argued that her claims in this action fall outside the scope of the claims covered by the arbitration agreement.[3]

Accordingly, the court concludes that all of plaintiff's claims in this action are subject to the valid arbitration agreement that she signed on December 21, 2016, (Doc. No. 6-2 at 13–14).  "A district court 'has the discretion to either stay the case pending arbitration or to dismiss the case if all of the alleged claims are subject to arbitration.'"  *Ortiz v. Hobby Lobby Stores, Inc.*, 52 F. Supp. 3d 1070, 1089 (E.D. Cal. 2014) (quoting *Delgadillo v. James McKaone Enters., Inc.*, No. 1:12-cv-1149 AWI MJS, 2012 WL 4027019, at *3 (E.D. Cal. Sept. 12, 2012)).  Here, because all of plaintiff's claims are subject to arbitration, the court concludes that dismissal is appropriate.  *See Delgado v. Ally Fin., Inc.*, No. 3:17-cv-02189-BEN-JMA, 2018 WL 2128661, at *6 (S.D. Cal. May 8, 2018).  Thus, the court will grant defendant's pending motion to compel arbitration and dismiss this action.

## CONCLUSION

For the reasons set forth above:

1. Defendant's motion to compel arbitration on an individual basis and dismiss this action (Doc. No. 6) is granted;

2. The parties shall submit all claims pending in this matter to arbitration in accordance with the arbitration agreement signed on December 21, 2016, (Doc. No. 6-2 at 13–14);

---

[3] Given the confusion in the filings between the two cases, the court has reviewed both of plaintiff's opposition briefs to confirm that she had not presented any arguments in this regard.

6

3. This action is dismissed without prejudice; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **October 15, 2021**                              /s/ Dale A. Drozd
                                                          UNITED STATES DISTRICT JUDGE